IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,087-01






EX PARTE OTIS ELMER TAYLOR, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17270A IN THE 2ND DISTRICT COURT


FROM CHEROKEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of
sexual assault of a child and one count of indecency with a child by contact, and was sentenced to
twelve years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel did
not investigate or prepare a defense, did not meet with Applicant to discuss the case until the day
before trial, did not advise Applicant of an eight-year plea offer until the day before trial, and did not
advise Applicant that there was a time limit on the plea offer. Applicant alleges that he declined the
eight-year offer, believing that counsel would defend him at trial. Applicant alleges that counsel
told him on the morning of trial that he was not prepared to defend Applicant, and that Applicant felt
compelled to accept the State's plea offer. However, Applicant alleges that the State had withdrawn
the eight-year plea offer, and that the only offer available at that time was for twelve years'
imprisonment, which he felt he had no option but to accept.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel investigated and
consulted with Applicant about the case prior to trial. The trial court shall make findings as to
whether the State extended an eight-year plea offer, and if so, when that offer was first extended, and
whether there was a deadline for acceptance of that offer. The trial court shall make findings as to
whether trial counsel timely communicated the plea offer to Applicant, and as to what advice counsel
gave to Applicant regarding the plea offer. The trial court shall make findings as to whether counsel
was prepared to defend Applicant on the day of trial, and as to whether counsel advised Applicant
to accept the State's new plea offer of twelve years' imprisonment. The trial court shall make
findings as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: March 6, 2013

Do not publish